Callahan., J.
(dissenting). The salary of the petitioner was not reduced because of reclassification by the Temporary Salary Standardization Board created for the purpose of classifying and grading employees in the civil service of the State. (See L. 1937, ch. 859.) The change in compensation was effectuated by resolution of the Transit Commission fixing the petitioner's *791 salary in conformity with the budgetary appropriation made by the Board of Estimate pursuant to the budget making powers of the latter body over all salaries of the Transit Commission other than the salaries of the commissioners, secretary and counsel. (See L. 1940, ch. 246.) Accordingly, it is my opinion that the provisions of section 5 of chapter 859 of the Laws of 1937 and section 47 of the Civil Service Law (added by L. 1938, ch. 498) have no application to the action taken in determining the amount of compensation for the petitioner at the lower rate. The former salary of the petitioner was not fixed by the express mandate of any statute so as to come within the exceptions of sections 67 and 68 of the New York City Charter (1938). It would seem that the petitioner also mistakenly relies on the provisions of chapter 912 of the Laws of 1939. The protection of that enactment relating to compensation of State employees extends to those employees whose salaries are subject to the budget making procedures of the State.
The order appealed from should be reversed and the petition dismissed.
Martin, P. J., Glennon, Dore and Van Voorhis, JJ., concur in decision; Callahan, J., dissents in opinion.
Order affirmed, with $20 costs and disbursements. No opinion.